NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**REPIFI VENDOR LOGISTICS, INC.,**
*Plaintiff-Appellant*

**v.**

**INTELLICENTRICS, INC., INTELLICENTRICS GLOBAL HOLDINGS LTD.,**
*Defendants-Appellees*

---

2021-1906

---

Appeal from the United States District Court for the Eastern District of Texas in No. 4:20-cv-00448-SDJ, Judge Sean D. Jordan.

---

Decided:  March 15, 2022

---

MICHAEL PATRICK HOGAN, Kratz & Barry LLP, Philadelphia, PA, argued for plaintiff-appellant.  Also represented by R TOUHEY MYER, Wilmington, DE; GREGORY GRISSETT, Offit Kurman, Plymouth Meeting, PA; KEITH JAASMA, Ewing & Jones, PLLC, Houston, TX.

CHASE COBERN, Munck Wilson Mandala, LLP, Dallas, TX, argued for defendants-appellees.  Also represented by MICHAEL CRAIG WILSON.

―――――――――――――

Before TARANTO, HUGHES, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Repifi Vendor Logistics, Inc. appeals from the United States District Court for the Eastern District of Texas's judgment dismissing Repifi's complaint for failure to state a claim upon which relief can be granted.  Because we agree with the district court's conclusion that the asserted claims of U.S. Patent No. 10,304,268 are ineligible under 35 U.S.C. § 101, we affirm.

## BACKGROUND

The parties agree that the claimed invention relates to the field of managing visitor access to access-controlled environments like hospitals, health care facilities, office buildings, and the like.  *See* '268 patent col. 1 ll. 1–13.  Conventional methods for managing visitor access involved manned reception desks at which a receptionist could verify a visitor's identity and issue a temporary, limited-use paper identification badge.  The claimed method automates this credentialing process.  Claim 1 is representative and recites:

> 1.  A method for credentialing visitors to an access-controlled environment by an access administrator, comprising the steps of:
>
> (a) providing a smart-phone based credentialing platform having global positioning system (GPS) capability;
>
> (b) providing an electronic badge having a display having electronically controlled and changeable indicia thereon, the badge adapted communicate with a smart-phone;

(c) enrolling a visitor into the credentialing platform by entering visitor information based on requirements of the administrator;

(d) approving, by the administrator, that the requirements of the step of enrolling are met;

(e) requesting, by the visitor, at least one location for which access is desired and submitting the at least one location to the administrator via the credentialing platform, said location having a pre-defined area;

(f) approving, by the administrator, the request for access at the at least one location;

(g) checking in on the smart-phone, by the visitor, via the credentialing platform, to establish check-in data including check-in time and date by the visitor, wherein the check-in data is recorded by the credentialing platform;

(h) communicating between the smart-phone and the electronic badge, indicia data for forming a display image on the display on the electronic badge;

(i) displaying on the badge display indicia showing access by the visitor is authorized to the location during the specific time interval;

(j) recording, by the credentialing platform, geo-location data of the visitor during the visitor's presence in the pre-defined area;

(k) checking out of the system when the visitor departs the pre-defined area of the at least one location, establishing check-out data, including check-out time and date and geo-location;

(l) recording, by the credentialing platform, the check-in data, the geo-location data and the check-out data of the visitor; and

4    REPIFI VENDOR LOGISTICS, INC. v. INTELLICENTRICS, INC.

(m) removing from the badge display, the indicia showing access by the visitor is authorized.

*Id.* at col. 6 l. 54–col. 7 l. 29.

Repifi sued IntelliCentrics, Inc. and IntelliCentrics Global Holdings, Ltd. for infringement of the '268 patent. IntelliCentrics moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that the asserted claims are patent ineligible under 35 U.S.C. § 101. The district court agreed and dismissed the case without prejudice. *Repifi Vendor Logistics, Inc. v. IntelliCentrics, Inc.*, No. 4:20-cv-448-SDJ, 2021 WL 1196271 (E.D. Tex. Mar. 30, 2021) (*Eligibility Op.*).

Repifi appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We apply the law of the regional circuit when reviewing a district court's dismissal for failure to state a claim under Rule 12(b)(6). *XY, LLC v. Trans Ova Genetics, LC*, 968 F.3d 1323, 1329 (Fed. Cir. 2020). The Fifth Circuit reviews such dismissals de novo, accepting all factual allegations in the complaint as true and viewing those facts in the light most favorable to the non-moving party. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018).

Patent eligibility under 35 U.S.C. § 101 is a question of law based on underlying findings of fact. *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). We review the ultimate determination that a claim is directed to ineligible subject matter de novo. *Berkheimer*, 881 F.3d at 1365.

In *Alice*, the Supreme Court set out a two-step test for determining patent eligibility. *Alice Corp. Pty. v. CLS Bank Int'l.*, 573 U.S. 208 (2014). At step one, we consider whether the claims are directed to an ineligible concept.

*Id.* at 217. If the claims are directed to a patent-ineligible concept, we proceed to step two and consider "the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 78–79 (2012)).

Beginning with *Alice* step one, the district court determined that claim 1 of the '268 patent is directed to "the abstract idea of credentialing visitors and checking them in and out of an access-controlled environment." *Eligibility Op.*, 2021 WL 1196271, at *5; *see also* '268 patent col. 1 ll. 56–58. We agree. As the district court correctly stated, credentialling processes are a well-established business practice, a method for organizing human activity, and an abstract idea. Repifi argues that the claimed method is a technological solution, providing "improved visitor documentation compliance, obviating the need for unreliable hardware upon entry, and obviating the need for manned reception desks," in addition to providing unclaimed "improvements to computer operation." Appellant's Br. 32–33. But as the district court explained, the automation of the credentialling process using "existing technology such as smart phones and electronic badges . . . does not save claim 1 from targeting an abstract concept." *Eligibility Op.*, 2021 WL 1196271, at *5. Rather, in this case, the automation of this conventional human process to make it more efficient is itself an abstract idea. *Id.* We thus agree with the district court's determination that the asserted claims are directed to an abstract idea.

Next, we turn to *Alice* step two, which requires determining whether an element, or a combination of elements, in the claim contains an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application of that abstract idea. *Alice*, 573 U.S. at 217–18. Repifi argues on appeal, as it did before the district court, that the claimed method's use of an electronic badge with

a display that changes in real time is an inventive concept. Like the district court, we disagree.

As the district court accurately explained, the '268 patent specification acknowledges that an electronic badge is a well-known device that can, for example, be implemented using a "commercially available smart card." *Eligibility Op.*, 2021 WL 1196271, at *8. According to the '268 patent, such off-the-shelf devices already had "rewriteable display[s]" and the functionality to "facilitate communication" with smartphones. *Id.*; *see also* '268 patent col. 5 ll. 44–67. Indeed, none of the claim limitations are directed to improvements that enable the badge to change its display in real time or communicate with a smart phone. Instead, the claims merely recite the use of conventional abilities of a conventional electronic badge. *Eligibility Op.*, 2021 WL 1196271, at *8 (The claims "simply claim the use of an electronic badge that can perform these functions.").

In addition, we agree with the district court that the ordered combination of the claim limitations also does not supply an adequate inventive concept. *Id.* at *9  The '268 patent specification states that the claimed ordered combination "improves the operation of a computer device" by providing "increased processing speed and efficiency" and by removing the need for a printer. '268 patent col. 6 ll. 34–47. Even accepting these factual statements in the specification as true and drawing all reasonable inferences in favor of Repifi as the non-movant, we agree with the district court that these advantages and improvements identified in the specification "all stem from the automation of a historically human process" and cannot save the claims at *Alice* step two. *Eligibility Op.*, 2021 WL 1196271, at *9. As the district court correctly explained, both Supreme Court precedent and our court's precedent make clear that automation of a long-standing human process cannot be the inventive concept because such automation is itself an abstract idea. *Id.* at *9; *see, e.g.*, *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 774 (Fed. Cir. 2019) ("[A]

claimed invention's use of the ineligible concept to which it is directed cannot supply the inventive concept that renders the invention significantly more than that ineligible concept." (quotation omitted)).

## CONCLUSION

We have considered Repifi's remaining arguments and find them unpersuasive. Because the district court properly dismissed the case for failure to state a claim, we affirm.

## **AFFIRMED**